New Jersey Department of Labor,
Workmen's Compensation Bureau.

OTTO WAETGE, PETITIONER, v. INTERNATIONAL OXYGEN
COMPANY, RESPONDENT.

For the petitioner, *John V. Laddey*.

For the respondent, *McCarter & English*.

\*      \*      \*      \*      \*      \*      \*

That the petitioner was in the employ of the respondent on July 6th, 1927, with his weekly wages amounting to $33.60. On said day, petitioner met with an accident arising out of and in the course of his employment. The accident consisted in an air tank exploding; the force of the explosion, according to petitioner's testimony, knocking him down with a few minute particles of metal lodging in one of his arms, and he receiving several minor burns from the soda the tank contained. Petitioner, at the time of the accident, and for sometime prior thereto, was suffering from a severe case of diabetes and shortly before his accident had just left the City Hospital, Newark, where he had been under treatment for sometime for this diabetic condition and according to Dr. Teimer, who treated him in the hospital at that time, he was not cured at the time he left the hospital. He remained at the hospital until July 23d, 1927, and on or about August 15th, 1927, went back to work for the respondent. He remained at work until on or about September 12th, 1927, at which time he had headaches and dizziness when he stooped over quickly, both of which are symptoms

as testified to of diabetes. He left his work on September 12th, 1927, and thereafter went back to the hospital where he was again treated for diabetes. He left the hospital in April, 1928, and started working on May 17th, 1928, and has been working ever since.

Claim was made of a head injury due to this accident. It is most significant that the examination of the petitioner at the City Hospital immediately after the accident shows that both his head and scalp were negative. And further, the examination of him in September when he re-entered the hospital again shows the head and scalp negative. X-rays were taken of his head July 11th, 1927, within a week of his accident, and these were negative. X-rays were again taken in October, 1927, and showed no fracture. Dr. Hood testified that X-rays taken in March, 1928, showed what might be a depressed fracture but the hospital report on those X-rays, which was not before Dr. Hood at the time he testified, showed that these X-rays were also negative. There is no testimony in the case that petitioner's head was struck at the time of his accident and certainly if there had been a severe blow on the head there would have been some evidence of it, on at least the examination immediately after the accident at the City Hospital. On the entire testimony, therefore, the alleged head injury in connection with this accident is eliminated from this case.

The petitioner sustained some minor temporary disability due to the accident. The period from July 6th, 1927, up to the time he resumed his work, August 15th, 1927, has already been paid petitioner by the respondent as and for his temporary disability. I am not at all certain that the period from September 12th, 1927, to May 17th, 1928, part of which time petitioner was again in the hospital for diabetes, has any connection whatsoever with his accident of July 6th, 1927. The testimony is that diabetes is never cured and that any number of things may bring it on again quite severely and it is to be remembered that petitioner had been in the hospital previous to any accident for treatment for diabetes. However, in this case, as I stated at the hearing,

I will give the petitioner the benefit of the doubt and allow him temporary disability covering the period from September 12th, 1927, to May 17th, 1928. This covers, and most liberally, any share the accident referred to may have had in the diabetes. The evidence in the petitioner's case is that at the present time his condition as regards diabetes is at least as good as it was prior to the accident of July 6th, 1927, and it is, therefore, determined that whatever disability there was arising from this accident and affecting petitioner's diabetes was entirely of a temporary nature and ceased May 17th, 1928.

It is, therefore, ordered that a judgment final be entered in favor of the petitioner and against the respondent for temporary disability amounting to thirty-six weeks from September 12th, 1927, to May 17th, 1928, at $17 a week; and it is further ordered that respondent pay Dr. Teimer's bill for medical services rendered to the petitioner, amounting to $110, and also fees for expert medical testimony to Dr. Theodor Teimer $50, and to Dr. Philip . C. Hood $25. Petitioner's attorney, John V. Laddey, Esquire, is allowed a counsel fee of $120, $60 to be paid by the respondent and $60 to be paid by the petitioner; Dr. Englander's fee for testimony to be paid by the petitioner.

<div style="text-align:right">

HARRY J. GOAS,
*Deputy Commissioner.*